UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATE,<br><br>    Plaintiff,<br><br>  v.<br><br>MARTINE PATE, et al.,<br><br>    Defendants. | Case No. 21-cv-07718-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS AND RESOLVING OTHER, MISCELLANEOUS MOTIONS**<br><br>Re: Dkt. Nos. 11, 12, 14, 19, 21 |

  John Pate alleges that Martine and Robert Pate swindled him out of an interest in Pate Development LLC, a Florida-based company, and never compensated him for his share in certain Florida real estate. Martine and Robert have moved to dismiss John's case, asserting that this California-based federal court lacks personal jurisdiction over them. *See* Dkt. 14. Martine and Robert are correct, as explained below, and their motion is granted.[1]

* * *

  Even though a plaintiff may prefer to litigate in his home state, he can't do so if the parties he wishes to sue don't have sufficient contacts there. This is a core precept of the Fourteenth Amendment's Due Process Clause and is known as the personal-jurisdiction requirement. If a court doesn't have personal jurisdiction over the defendants, it cannot consider the merits of the plaintiff's claims. *See generally Walden v. Fiore*, 571 U.S. 277, 283–86 (2014).

  There are two types of personal jurisdiction—general and specific. General jurisdiction exists only if the defendants have "continuous and systematic" contacts with the forum state, such

---

[1] John Pate's belated request for an extension of time to file an opposition (dkt. 21) is granted. With that request, John filed an opposition, and the Court has considered it. John's remaining motions—seeking a cease-and-desist order to end alleged harassment by the defendants (dkt. 11, 19), and requesting legal aid (dkt. 12)—are denied.

that they are "essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (simplified). Specific jurisdiction doesn't require the same continuity, but it does require a specific link between the defendants' forum contacts and the plaintiff's claims. The claims must "arise out of or result from" the defendants' "forum-related activities." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (simplified).

Neither form of personal jurisdiction is present here. Martine Pate resides in Florida; has never lived in, conducted business in, or owned property in California; and hasn't visited California for over six years. *See* Dkt. 14-3, M. Pate Decl. ¶¶ 2–6. John Pate alleges that Martine used to visit a cousin in Los Angeles County, *see* Opp'n, Dkt. 20 at 6, but that's the only California connection he's identified for her. Prior trips to visit family in California aren't continuous and systematic contacts. And John's claims don't arise out of those trips either. Martine is thus not subject to personal jurisdiction in this Court.

As to Robert Pate, there's a dispute about what contacts he's had with California; but the dispute isn't material. Robert says he resides in Florida; has never lived in, conducted business in, or owned property in California; and hasn't visited California for over six years. *See* Dkt. 14-2, R. Pate Decl. ¶¶ 2–6. John, meanwhile, says that at some unspecified time Robert worked on land-development projects in San Diego and in Palm Springs, California; purchased materials from a California-based manufacturer; and visited a nephew in Los Angeles County. *See* Opp'n, Dkt. 20 at 2–3, 6. The Court need not resolve this factual dispute. Even if John's statements are taken as true, Robert's contacts with California aren't so continuous and systematic as to render him essentially at home here. Nor do Robert's California contacts have any connection with John's legal claims. Personal jurisdiction is therefore lacking as to Robert too.[2]

---

[2] Martine and Robert Pate are the only named defendants. But for avoidance of doubt, the Court also notes that John Pate hasn't identified a connection between Pate Development LLC and California. Robert declares that Pate Development LLC doesn't conduct business in, or own property in California, and that the company's sole assets are in Florida. *See* R. Pate Decl. ¶¶ 9–10. John hasn't offered any competing evidence.

\* \* \*

The Court lacks personal jurisdiction and so grants the defendants' motion to dismiss. John Pate's case is dismissed without prejudice to him refiling it in a forum in which the defendants are subject to personal jurisdiction. The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: February 9, 2022

Alex G. Tse
United States Magistrate Judge